THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DAMON CRIST,<br>    Individually and on behalf of a class,<br><br>    Plaintiff,<br><br>v.<br><br>DEP'T OF CORRECTIONS, et al.<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S MOTION TO REMAND TO STATE COURT<br><br>Case No. 2:22-CV-770-TS<br><br>District Judge Ted Stewart |

Plaintiff Damon Crist has requested decision on his unopposed motion to remand the case back to state court. For the reasons set forth below, Plaintiff's motion is granted.

Plaintiff originally filed suit against Defendants in Utah state court. Complaint, (ECF No. 2-3.) Plaintiff's Complaint presented five causes of action against Defendant. Plaintiff's first and second causes of action (the "Federal Claims") alleged violations of Plaintiff's federal Constitutional rights, cognizable under 42 U.S.C.S. §1983. *Id*. at ¶¶ 103-115. Plaintiff's remaining three causes of action (the "State Claims") alleged violations of Plaintiff's rights under Utah law. *Id*. at ¶¶ 116-137. In December 2022, Defendants invoked this court's jurisdiction over the Federal Claims and removed the case to federal court. Notice of Removal (ECF No. 2, at ¶¶ 3-4.); see also 28 U.S.C.S. § 1331 (2023) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") Plaintiff voluntarily dismissed the Federal Claims and moved to remand the case back to state court on March 7, 2023. Notice of Dismissal (ECF No. 16.); Motion to Remand (ECF No. 17.) Defendants declined to oppose Plaintiff's motion. *See*, Request to Submit for Decision (ECF No. 18.)

This court declines to exercise supplemental jurisdiction over the State Claims. Federal district courts may exercise supplemental jurisdiction over state law claims which arise under out of the same case or controversy as claims for which the court has original jurisdiction. *See* 28 U.S.C.S. §1367(a) (2023) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.") However, when all claims over which the court had original jurisdiction have been dismissed, the district court can decline to exercise supplemental jurisdiction. *See*, 28 U.S.C.S. §1367(c)(3) (2023); *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") Because Plaintiff's federal claims have been voluntarily dismissed, the case remains in its infancy with no trial date having been set, and the Motion to Remand is unopposed, this court sees no reason to depart from the Tenth Circuit's admonition to decline supplementary jurisdiction over the remaining state claims.

**IT IS THEREFORE ORDERED** that Petitioner's motion to remand the case to Utah state court for adjudication of the remaining claims (Docket No. 17) is **GRANTED.** The Clerk of the Court is directed to remand this case to the Third District Court in and for Salt Lake County, State of Utah.

2

DATED this 31st day of January, 2024.

        BY THE COURT

        _____
        JUDGE TED STEWART
        United States District Court